Steven VLASICH, Plaintiff–Appellant,

v.

Burt HOFFMAN, Dr., Individually and in his official capacity; et al., Defendants–Appellees.

No. 03–15349.

D.C. No. CV–99–06472–AWI(HGB).

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

California state prisoner Steven Vlasich appeals pro se the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's factual findings regarding exhaustion of administrative remedies for clear error and its application of substantive law de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.2003). We vacate and remand.

Before bringing an action in district court, a prisoner is required to exhaust "such administrative remedies as are avail-

able." 42 U.S.C. § 1997e(a). Vlasich contends that defendants failed to prove that all three formal levels of the grievance process were available to him. This contention has merit.

California Department of Corrections ("CDC") regulations provide a four step administrative process for prisoner grievances, an initial informal complaint and three levels of formal appeal. Cal.Code. Reg. tit. 15, § 3084.5. An informal complaint is a prerequisite to further administrative review. *Id.*, § 3084.2(b). To make an informal complaint, a prisoner must submit a CDC form 602 describing the problem and action requested. *Id.*, § 3084.2(a). The prison response is reported on the same form. *Id.*, § 3084.5(a)(2). To proceed to the first formal level appeal, the prisoner must submit the *same* 602 form, explaining his dissatisfaction with the prison's initial response in the space provided. *See* CDC form 602 (rev 12–87). A first formal level appeal that does not include evidence of an informal complaint or that does not include necessary supporting documents is subject to rejection. Cal.Code. Reg. tit. 15, § 3084.3(c)(4) and (5).

In this case, Vlasich presented evidence that he submitted informal complaints and at least one formal appeal but received no response. Vlasich contends that, because the prison did not return his 602 form, he could not proceed through all three formal appeal levels. The district court's finding that defendants proved that Vlasich could have proceeded to the third level appeal in spite of the prison's failure to provide a response to his informal complaints and formal appeal(s) is not supported by the record. *See Wyatt*, 315 F.3d at 1120 (defendant has burden to prove the plaintiff-

---

prisoner failed to exhaust available administrative remedies).

Because defendants have not established that Vlasich failed to exhaust available administrative remedies, we vacate the judgment of dismissal and remand for consideration of the merits of Vlasich's claims.

The parties shall bear their own costs on appeal.

VACATED and REMANDED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.